*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-101

SEPTEMBER TERM, 2016

| | | |
|---|---|---|
| Agency of Natural Resources | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, |
| v. | } | Environmental Division |
| | } | |
| Ken Davis d/b/a Davis Contracting Service | } | DOCKET NO. 20-2-14 Vtec |

Trial Judge: Thomas G. Walsh

In the above-entitled cause, the Clerk will enter:

Kenneth Davis, doing business as Davis Contracting Service, appeals from the Environmental Division's decision on remand, in which the court made additional findings regarding unlawful discharges into state waters resulting from Davis's logging operations. We affirm.

The first appeal in this case followed a four-day evidentiary hearing after which the Environmental Division assessed administrative penalties against Davis based on his failure to follow Acceptable Management Practices (AMPs) and the resultant unlawful discharges into state waters. See 10 V.S.A. § 1259(a) ("No person shall discharge any waste, substance, or material into waters of the State . . . without first obtaining a permit . . . ."). As noted by the Environmental Division, because permits are not required for discharges caused by logging operations that are in compliance with AMPs, penalties may be assessed only if a failure to follow the AMPs results in an unpermitted discharge. Davis argued that Tropical Storm Irene, rather than his 2011 AMP violations, caused the discharges into state waters. A panel of this Court upheld the Environmental Division's determination that Davis's AMP violations from the spring of 2012 caused unlawful discharges into state waters, but reversed and remanded the matter for the Environmental Division to make additional findings as to whether the AMP violations from the late summer of 2011 caused or contributed to unlawful discharges into state waters. Agency of Nat. Res. v. Kenneth Davis, No. 2015-185, 2016 WL 182329 (Vt. Jan. 7, 2016) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo15-185.pdf.

On remand, the Environmental Division found that: (1) Davis's failure to install culverts at road crossings, an appropriate number of water bars or dips along skid trails, and hay bales at outlets of water bars entering streams "resulted in the sediment discharge to the surface waters and the headwaters of the Trout River" in the late summer of 2011; and (2) during this period, Davis used sandy backfill susceptible to erosion around culverts that eroded into state waters. Accordingly, the Environmental Division concluded that Davis's failure to comply with several AMPs caused unlawful discharges into state waters in the late summer of 2011.

On appeal, Davis repeats his argument that the State failed to prove that the discharges into state waters were caused by his noncompliance with AMPs rather than Tropical Storm Irene. In support of this argument, Davis notes that a forester visiting his logging site in early August 2011

before Tropical Storm Irene struck did not observe any discharges into state waters and did not issue any notice of AMP violations. Furthermore, he argues that it was not until ten days after Tropical Storm Irene struck that another forester observed sediment discharging into state waters at the logging site.

We conclude that the Environmental Division's decision on remand established the requisite causal link between Davis's AMP noncompliance and discharges into state waters in the late summer of 2011. We remanded the matter for further findings because, with respect to the 2011 violations, the Environmental Division's analysis suggested that the existence of an AMP violation, coupled with an unpermitted discharge, was sufficient to support the imposition of penalties without establishing a causal link between the violation and the discharge. On remand, as indicated above, the Environmental Division explained how the various AMP violations caused discharges into state waters.

Insofar as Davis argues that the court's findings and conclusions are not supported by evidence, we cannot review this claim because he has only ordered a partial transcript. V.R.A.P. 10(b)(1). Even considering only the portions of the transcript Davis has ordered, we conclude that the trial court's findings are supported by substantial evidence. As the Environmental Division found, the first forester visiting the site prior to Tropical Storm Irene observed some AMP noncompliance issues, but did not observe any related discharges into state waters. The fact that the forester did not observe any discharges in mid-August 2011, two and one-half weeks before Tropical Storm Irene struck near the end of the month, does not demonstrate that Davis's AMP violations played no part in causing discharges into state waters. The forester testified that at the time of her mid-August visit Davis had harvested only about one-third of the trees scheduled for logging, and further that the late August complaint that led to the second forester visiting the logging site on September 7, 2011 was filed a few days before Tropical Storm Irene struck and included photographs depicting discharges into state waters.

We recognize that Tropical Strom Irene was an extreme weather event and that weather conditions have an impact as to whether AMP violations result in discharges. But the fact that Tropical Storm Irene may have contributed, even significantly, to discharges into state waters does not undermine the Environmental Division's conclusion that Davis's failure to follow the AMPs caused discharges into state waters.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice